NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

CATHERINE DELTZ, PETITIONER, v. WESTON ELECTRIC
COMPANY, RESPONDENT.

A petition having been filed in the above proceedings praying for determination of compensation due to the petitioner and other dependents under an act of the legislature of the State of New Jersey, entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, and the acts amendatory thereof and supplemental thereto, and the matter coming on to be heard before me on July 9th, 1928, in the presence of David Roskein, Esquire, solicitor for the petitioner, and Clarence B. Grippett, solicitor for the respondent, and having heard all the testimony, I hereby determine and find as follows:

1. On or about the 12th day of July, 1927, the petitioner, Ernest Deltz, was employed by the respondent herein in the manufacture of electric instruments and was employed as a solderer at a weekly wage of $25.95, and having commenced said employment on or about February 17th, 1926, continued working as such for the said respondent until May 24th, 1927, when he was compelled to cease work until about July 9th, when he returned to his work and was then employed until July 12th, the last day of his employment with the said respondent.

2. From the medical and lay witnesses in the case it appears that the petitioner was working in good surroundings as far

as the accessibility of light and air were concerned. The petitioner prior to coming to work for the said respondent had been employed in work other than that involving lead and had been employed for the said respondent as a solderer in which he used a composition which was composed of tin and lead. His work consisted of soldering and uniting pieces of metal which he did at an average of approximately two thousand four hundred pieces per day. The testimony of the witnesses of both the petitioner and respondent is to the effect that the deceased was a man of frail nature, pale and of sallow complexion; that about May 24th, 1927, suffered from a nephritis affecting his kidney, and on July 30th, 1927, the said Ernest Deltz died. It also appears from the testimony that the petitioner was constantly handling this composition of lead solder in the way and manner used in the work of the petitioner, and that the same was being absorbed continually by the petitioner, which said lead was the exascerbated cause superimposed on the nephritis and otherwise weak condition that culminated and caused the death of the deceased.

3. From the medical testimony in this case it appears that the absorption into the body of small deposits of lead over a period of time will raise havoc with a previously diseased kidney. From the testimony of Dr. Griffiths, who originally diagnosed the case as one of lead poisoning, and from the physical signs which he found present, from the testimony of the lay witnesses for the petitioner and the hospital diagnosis and prognosis, and the witnesses of the respondent, and from all the testimony in the case the conclusion to be reached is that the absorption of these small deposits of lead with which this petitioner was constantly employed, superimposed on the frail nature and condition of the deceased resulted in his death.

4. At the time of the death of the deceased he was earning $25.95 per week and he left surviving a widow, Catherine Deltz, who is entitled to receive compensation, and two children, minor dependents upon the said decedent, Ernest Deltz and Thomas Deltz, who were born August 15th, 1923, and

January 7th, 1925, respectively, who are entitled to receive compensation until they reach their eighteenth birthday as follows:

Catherine Deltz, widow, three hundred weeks, from 7/30/27 to 5/7/33, at forty-five per cent. of weekly wages, $11.68, $3,504; Ernest Deltz, son, born August 15th, 1923, three hundred and twenty-six weeks, from 5/7/33 to 8/15/39, at forty per cent. of weekly wages, $10.38, $3,383.88; Thomas Deltz, son, born January 7th, 1925, seventy-two and three-sevenths weeks, from 8/15/39 to 1/7/41, at thirty-five per cent. of weekly wages, $9.08; $657.66; total, $7,545.54.

5. It is further ordered that the respondent shall pay on behalf of the counsel fee of the petitioner such sum as shall be fixed on application to the compensation board on Monday, September 10th, 1928, to David Roskein, Esquire, for services rendered by the said David Roskein, Esquire, in preparation and trial of this case.

6. It is further ordered that respondent shall pay to Catherine Deltz the sum of $150 as funeral expenses, immediately upon the signing of this order.

7. It is further ordered that the respondent shall pay the medical expenses incurred by the petitioner in the trial of the said case the sum of $100 immediately upon the signing of this order, and shall pay the stenographer fees incurred herein.

8. It is further ordered that the expenses, counsel fee and weekly payments from July 30th, 1927, to the date of the signing of this order shall be due and owing and paid immediately upon the signing of this order, balance of payments to be made weekly as hereinabove set forth and in accordance with the terms and provisions of the Compensation act of New Jersey.

HARRY J. GOAS,
*Deputy Commissioner.*